UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Colleen Angeloni-Simkin, <br><br> Plaintiff, <br><br> v. <br><br> Commercial Recovery Systems, Inc., <br><br><br> Defendant. | Civil Action No.: _____ |

## COMPLAINT

Plaintiff, Colleen Angeloni-Simkin, says by way of Complaint against Defendant, Commercial Recovery Systems, Inc., as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2. The Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violation of the FDCPA pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as that Defendant transacts business in the State of New Jersey.

## PARTIES

4. Plaintiff, Colleen Angeloni-Simkin (hereafter "Ms. Angeloni-Simkin"), is an adult individual residing in Egg Harbor Township. New, Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Commercial Recovery Systems, Inc. (hereafter "Defendant"), is a Texas business entity with an address of 8035 East R.L Thorton, Suite 220, Dallas, Texas 75228, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

7. Ms. Angeloni-Simkin incurred a financial obligation that was primarily for family, personal or household purposes, which was a "debt" as defined by 15 U.S.C. § 1692a(5).

8. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Ms. Angeloni-Simkin.

9. Defendant then made numerous attempts to collect the debt from Ms. Angeloni-Simkin, each of which was a "communication" as defined by 15 U.S.C. § 1692a(2).

10. Defendant contacted Ms. Angeloni-Simkin on numerous occasions, up to four times a day, attempting to collect the debt.

11. Although Ms. Angeloni-Simkin asked Defendant not to contact her at work because she was not allowed to receive personal telephone calls, Defendant continued to do so.

12. Defendant sent Ms. Angeloni-Simkin a fax at her place of employment, which contained details of the debt. The fax was overseen by Ms. Angeloni-Simkin's co-workers.

13. Defendant used profane and abusive language when speaking with Ms. Angeloni-Simkin. On one occasion, Defendant called Ms. Angeloni-Simkin a "Fucking Deadbeat". On another occasion, Defendant told Ms. Angeloni-Simkin that the appraisers were coming over to her house, merely to harass her.

14. When Ms. Angeloni-Simkin requested verification of the debt, Defendant said that, "We don't need to send that shit."

15. When Ms. Angeloni-Simkin requested Defendant's mailing address, Defendant refused to provide the address.

16. Defendant falsely misrepresented that Ms. Angeloni-Simkin had committed a crime and threatened to report her to the Internal Revenue Service.

17. Defendant threatened to sue Ms. Angeloni-Simkin, but has not imitated any legal proceeding.

18. Defendant threatened to injure Ms. Angeloni-Simkin's credit rating.

19. Defendant threatened to repossess Ms. Angeloni-Simkin's furniture, put a lien on her home and garnish her wages without a court order.

20. When placing telephone calls to Ms. Angeloni-Simkin, Defendant did not state the name of the debt collection agency Defendant was calling from. Defendant often used false names such as the "Asset Liability Investigator."

21. Ms. Angeloni-Simkin has suffered actual damages including, but not limited to, humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, and unjustified and abusive invasions of personal privacy as a result of Defendant's illegal collection communications enumerated above.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692, et seq.

22. Ms. Angeloni-Simkin incorporates by reference all of the allegations set forth above as if fully set forth herein.

23. Defendant informed third parties of the nature of Ms. Angeloni-Simkin's debt and stated that Ms. Angeloni-Simkin owed a debt, in violation of 15 U.S.C. § 1692b(2).

24. Although never asked to do so, Defendant contacted third parties in regards to the Ms. Angeloni-Simkin's debt on numerous occasions, in violation of 15 U.S.C. § 1692b(3).

25. Defendant contacted Ms. Angeloni-Simkin at a place and during a time known to be inconvenient for Ms. Angeloni-Simkin, in violation of 15 U.S.C. §1692c(a)(1).

26. Defendant contacted Ms. Angeloni-Simkin at her place of employment, knowing that Ms. Angeloni-Simkin's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

27. Defendant communicated with individuals other than Ms. Angeloni-Simkin, Ms. Angeloni-Simkin's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

28. Defendant used profane and abusive language when speaking with Ms. Angeloni-Simkin, in violation of 15 U.S.C. § 1692d(2).

29. Defendant caused a phone to ring repeatedly and engaged Ms. Angeloni-Simkin in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

30. Defendant placed calls to Ms. Angeloni-Simkin without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

31. Defendant threatened Ms. Angeloni-Simkin with garnishment of wages if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

32. Defendant threatened Ms. Angeloni-Simkin with seizure of her property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

33. Defendant threatened Ms. Angeloni-Simkin with attachment of her property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

34. Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

35. Defendant falsely misrepresented that Ms. Angeloni-Simkin had committed a crime, in order to disgrace Ms. Angeloni-Simkin, in violation of 15 U.S.C. § 1692e(7).

36. Defendants threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

37. Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

38. Defendant used a name other than the true name of the debt collection agency, in violation of 15 U.S.C. § 1692e(14).

39. Defendant threatened to unlawfully repossess or disable Ms. Angeloni-Simkin's property, in violation of 15 U.S.C. § 1692f(6).

40. Defendant failed to send Ms. Angeloni-Simkin a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

41. Defendant failed to send Ms. Angeloni-Simkin a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

42. Defendant failed to send Ms. Angeloni-Simkin a validation notice stating Ms. Angeloni-Simkin's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

43. Defendant failed to send Ms. Angeloni-Simkin a validation notice informing Ms. Angeloni-Simkin of her right to have verification and judgment mailed to her, in violation of 15 U.S.C. § 1692g(a)(4).

44. Defendant failed to send Ms. Angeloni-Simkin a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

45. Defendant continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

46. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

47. Ms. Angeloni-Simkin is entitled to damages as a result of Defendant's violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

48. Ms. Angeloni-Simkin incorporates by reference all of the allegations set forth above as if fully set forth herein.

49. The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

50. New Jersey further recognizes Ms. Angeloni-Simkin's right to be free from invasions of privacy. Thus, Defendant violated New Jersey state law.

51. Defendant's telephone calls to Ms. Angeloni-Simkin were so persistent and repeated with such frequency as to be considered, "hounding [Ms. Angeloni-Simkin]," and "a substantial burden to [her] existence," amounting to an invasion of privacy as defined by the Restatement of Torts, Second, § 652(b).

52. Defendant's conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

53. As a result of the intrusions and invasions enumerated above, Ms. Angeloni-Simkin is entitled to actual damages from Defendant in an amount to be determined at trial.

54. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Ms. Angeloni-Simkin is entitled to punitive damages from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Angeloni-Simkin prays that judgment be entered against Defendant awarding her:

1. Actual damages including, but not limited to, the emotional distress she has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Liquidated damages;

5. Punitive damages; and

6. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 15, 2010

    Respectfully submitted,
    By: /s/ Jennifer M. Kurtz
    Jennifer M. Kurtz, Esq.
    LEMBERG & ASSOCIATES, L.L.C.
    1100 Summer Street
    Stamford, CT 06905
    Telephone: (732)390-5262